John R. Tenney, J.
Petitioners move to vacate the award of an arbitrator pursuant to CPLR 7511 (subd. [b]) and to order a rehearing. Respondent argues that petitioners are estopped from raising any issue as to the arbitrator or the execution of his decision.
The: arbitration originated from a contract dispute between the parties regarding the necessity for the employment of a master mechanic. In their contract, the employment of a master mechanic is required if five or more engineers are employed by one contractor on any one shift. (It is assumed in view of the parties to the contract, engineers means operating engineers.) The arbitrator found that petitioner Edward L. Nezelek did violate the working agreement. He held that Nezelek “ shall pay the master mechanic rates of pay in accordance with the contract agreement on all occasions where five or more operating engineers were at work at the music hall project ”,
*131 Petitioners proceed on two grounds. First, the decision is indefinite. Second, it should be vacated because the arbitrator was a member of the Civil Service Employees Association. Petitioners objected to the arbitrator when they learned of his affiliation before the arbitration hearing commenced and asked for a substitute within certain proposed guidelines. The union refused to consider a substitute, and the arbitrator refused to disqualify himself contending that he was a member of the association only to take advantage of its “ group insurance benefits ”. Petitioners, after the decision, moved to modify the decision. The arbitrator denied the request and refused to clarify his description of operating engineers. His contention was that he had no authority to modify under CPLE 7511 because the parties clearly understood each other’s position, and he was sustaining that of the union.
Petitioners’ request for modification was well within the authority of the arbitrator. The decision is clearly ambiguous and inconsistent with the working agreement. The agreement specifies that there must be five engineers working for one contractor on one shift before a master mechanic is required. The arbitrator has held 'that there were five or more engineers at the project. (Italics supplied.) This conclusion may be correct, but it is not an accurate interpretation of the agreement. It appears to be a mistake in phraseology.
The arbitrator had the authority to correct the mistake, and there is no explainable reason why he refused. That the parties “ are fully aware of their respective positions regarding the category, ‘ operating engineers ’ ” does not resolve their conflict. If he intended to hold that all engineers on the project are to be included regardless of their employer, he has changed the agreement. In any event, the decision warrants clarification.
It is fundamental that an arbitrator need not give reasons for an award nor make findings. (Matter of Colletti [Mesh], 23 A D 2d 245, and cases cited at p. 247.) However, if his decision is patently ambiguous, it is subject to modification to correct its terms. (CPLE 7511, subd. [c], par. 1.) This clarification could easily be accomplished without affecting the merits of the decision. (CPLE 7511, subd. [c], par. 2.) It should not be left to the parties to negotiate the intent of the decision. To do so is to fail to fully and finally determine the controversy. However, since the court cannot substitute its judgment for that of the arbitrator, and the arbitrator refused to correct his decision, the award must be vacated (CPLE 7511, subd. [b], par. 1, cl. [iii]) and a rehearing is required. (Matter of Bay *132 Ridge Med. Group v. Health Ins. Plan of Greater N. Y., 22 A D 2d 807; Matter of Bradigan [Bishop Homes], 20 A D 2d 966; CPLR 7511, subd. [d].)
Under the circumstances, petitioner objects to a rehearing before the same arbitrator. He argues that the OSEA is an employees ’ organization designed to secure benefits for its members, and a member would not be a “ neutral and impartial decision maker ’ ’. The arbitrator contends that he was unbiased, and his decision was not in any way influenced by his affiliation. Although there is no indication of misconduct or bias on the part of the arbitrator, that is not the test established by the courts. (Commonwealth Corp. v. Casualty Co., 393 U. S. 145; Matter of Baar & Beards Inc. [Oleg Cassini, Inc.], 37 A D 2d 106.) “This rule of arbitration and this canon of judicial ethics rests on the premise that any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias.” (Commonwealth Corp. v. Casualty Co., 393 U. S. 145,150).
It may be that the OSEA is not a union (although it advertises as the No. 1 civil service union) or that membership is only a convenience for “insurance benefits ”, It is an association geared to benefit the employee and further his objectives in his relations with management. A member of such an organization cannot be called impartial to the extent required of a judge or an arbitrator in a labor-management dispute.
The failure of the arbitrator to disclose his affiliation prior to his selection and approval by the parties deprived them of a right vital to any litigant in any type of proceeding. A party is entitled to make an independent decision regarding the selection of an arbitrator. (Matter of Colony Liq. Distrs. [Teamsters], 34 A D 2d 1060, affd. 28 N Y 2d 596.) The failure to disclose is aggravated in this case by two additional factors. First, the refusal of the arbitrator to withdraw when it became obvious that the was no longer acceptable to both parties before the proceeding had commenced. Second, the refusal of the director of the Mediation Board to “permit” his withdrawal for fear of establishing a precedent.
The principle of arbitration requires a person acceptable to the parties within reason. It also requires an arbitrator free from any outside influence, directly or indirectly. The factors surrounding the appointment and service of this arbitrator raise questions which should not occur regardless of their merit.
This interpretation would not prevent lawyers who represent labor or management from service as arbitrators or those who *133 hold membership in labor or management educational or social organizations. However, membership in an organization whose basic purpose is as an adversary for labor or management should be disclosed. A labor union would qualify as would membership in an anti-labor lobby or similar group. When a person is affiliated with an organization which has taken a position favorable to the philosophy of one side in a controversy, he should disclose that affiliation in advance.
Under all the circumstances, the interests of justice require that the rehearing be conducted before a different arbitrator. The parties shall agree upon an arbitrator and proceed within 30 days of this decision. In the event the parties cannot agree to the designation of an arbitrator, they shall use the State Mediation Board’s panel and procedure excluding any panel members from consideration who are on the staff of the Mediation Board.
This selection should proceed forthwith and no delays will be permitted without the further order of this court. The parties may move by order to show cause at any time in the event of a delay, why the other may not be held in contempt for failure to act pursuant to this order.