In the Matter of LABOR RELATIONS SECTION OF THE NORTHERN NEW YORK BUILDERS EXCHANGE, INC., et al., Respondents, *v.* ROBERT GORDON, as President of Local No. 545, International Union of Operating Engineers, Appellant.

Fourth Department, February 23, 1973.

*Blitman & King (Charles E. Blitman, Nathan H. Blitman* and *Thomas J. Maroney* of counsel), for appellant.

*Bryant, O'Dell & Basso (Robert H. Basso* of counsel), for respondents.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Lawrence L. Doolittle* of counsel), on behalf of New York State Mediation Board, *amicus curiae.*

WITMER, J. This is an appeal from a judgment (denominated " order ") granting the motion of Labor Relations Section of the Northern New York Builders Exchange, Inc. and Edward L. Nezelek, Inc. (Nezelek) to vacate an arbitrator's award and directing a new hearing before a new arbitrator.

The collective bargaining agreement between the parties hereto, Nezelek on the one hand and International Union of Operating Engineers (Union) on the other, provided that " Where five (5) or more Engineers are employed on any one shift for any one contractor a Master Mechanic competent for the work shall be employed to supervise the operators ". In work, " on the Music Hall project at the State Teachers College, Potsdam, New York " a dispute arose as to the meaning of the above clause of the contract, and it was submitted to arbitration to determine whether Nezelek violated that clause. An arbitrator, James P. McCabe, was duly appointed, conducted hearings and made an award in favor of the Union. During the early course of the hearings McCabe stated that he was a member of the Civil Service Employees Association (CSEA), joining primarily in order to gain advantage of the low group insurance premium rates which are available to members of that Association. Before the next hearing Nezelek sent a letter to McCabe objecting to his continuing as arbitrator not by reason of personal bias but solely because of his membership in CSEA. McCabe declined to retire as arbitrator, and the arbitration continued as above stated.

In his award McCabe stated that Nezelek had violated the agreement and " shall pay the Master Mechanic rates of pay in accordance with the contract agreement on all occasions where 5 or more operating engineers were at work on the Music Hall project on or after April 29, 1971."

Nezelek then moved to have McCabe modify his award " by clarifying his intent, but not to re-examine the grounds of the award or to alter the decision, upon the ground that there is a mistake in the description of the category ' operating engineers ' referred to in the said award, which can be corrected without

affecting the merits of the decision ''. The Union opposed the motion; and McCabe wrote an opinion in which he declined to modify the award and stated that the parties " are fully aware of their respective positions " in the matter.

Nezelek then moved to vacate the award because of partiality of the arbitrator by reason of his membership in CSEA, because of the indefiniteness of the award and because of incidental procedural rulings, and asked for a new hearing before a new arbitrator. From Special Term's judgment granting the motion the Union appeals.

On the question of partiality of the arbitrator the record shows that no claim is made of misconduct or actual bias on his part, and that the motion to vacate was made and granted on the ground of the arbitrator's membership in CSEA, a union completely unrelated to the Union in this case.

We recognize that an arbitrator, like a Judge, must not only be impartial but must be beyond reasonable suspicion of partiality (*Commonwealth Corp.* v. *Casualty Co.*, 393 U. S. 145, 148–150), and this is particularly so because an arbitrator is not subject to disqualification on all the grounds which might disqualify a Judge (*Matter of Milliken Woolens* [*Weber Knit Sportswear*], 11 A D 2d 166, 168, affd. 9 N Y 2d 878) and because an arbitration award is not reviewable by a court for errors of law or fact (*Matter of Colony Liq. Distrs.* [*Local 669, Int. Brotherhood of Teamsters*], 34 A D 2d 1060, 1061, affd. 28 N Y 2d 596; *Matter of Colletti* [*Mesh*], 23 A D 2d 245, 248, affd. 17 N Y 2d 460). But " the type of relationship which would appear to disqualify is one from which it may not be unreasonable to infer an absence of impartiality, the presence of bias or the existence of some interest on the part of the arbitrator in the welfare of one of the parties " (*Matter of Cross Props.* [*Gimbel Bros.*], 15 A D 2d 913, 914, affd. 12 N Y 2d 806). The mere innocent association with others is insufficient to disqualify an arbitrator (*Matter of Schine Enterprises* [*Real Estate Portfolio of N. Y.*], 32 A D 2d 750, affd. 26 N Y 2d 799; *Matter of Perl* [*General Fire & Cas. Co.*], 34 A D 2d 748). In *Perl* (*supra*) the court said, " there is no claim of disqualification by virtue of interest or connection. What is claimed is that the arbitrator's practice and experience would tend to make him partial to insurance companies and that, regardless of whether this predilection did in fact influence the arbitrator, his failure to make disclosure vitiates the award.'' The court rejected this contention and affirmed the order denying the motion to vacate the award. Even a prior business relationship between the arbi-

trator or his company and one of the parties has been held not to constitute such evidence of partiality as to require the award to be vacated, in the absence of a showing of bias (*Matter of Cross Props. [Gimbel Bros.]*, 15 A D 2d 913, affd. 12 N Y 2d 806, *supra*).

Applying these principles to the case at bar, we conclude that arbitrator McCabe is not partial nor does he have the appearance of partiality to a reasonable man and that he should not be disqualified. His failure to reveal at the time of his appointment that he was a member of CSEA is quite understandable; that membership was only for the purpose of securing group life insurance at a favorable rate; and CSEA is completely unrelated to the Union in this case, and it is not likely that one would anticipate a claim of special interest in this Union because of such membership. In his affidavit in this proceeding the arbitrator said that low cost insurance "was the reason I had joined the Association in January, 1970, and I would never allow membership in the Association or any other organization to influence my impartiality as an arbitrator". As the above-cited cases show, insignificant contacts of this nature should not and cannot be permitted to constitute a ground for extensive litigation to disqualify arbitrators.

Moreover, despite Nezelek's knowledge of McCabe's membership in CSEA, after the award was made it moved not to vacate it, but to have McCabe proceed further in the arbitration to clarify its meaning "which can be corrected without affecting the merits of the decision", which Nezelek apparently then wished to accept with clarification. Only after the arbitrator denied such application did Nezelek move to vacate the award because of McCabe's lack of impartiality. By such actions we hold that Nezelek waived its right to raise the objection of lack of impartiality in this proceeding (*Matter of Baar & Beards [Oleg Cassini, Inc.]*, 30 N Y 2d 649, 651).

Turning to the question of the completeness of the award, it is clear that it does not fully answer the issue submitted for arbitration. As Special Term held, "The agreement specifies that there must be five engineers working for *one contractor on one shift* before a master mechanic is required. The arbitrator has held that there were five or more engineers *at the project*". (71 Misc 2d 130, 131.) The award is not specifically related to the critical language of the agreement; and it is insufficient for the arbitrator to add that the parties are "fully aware of their respective positions". The matter should be remitted to arbitrator McCabe to spell out in detail his interpretation of said

language of the agreement in the light of his findings of facts and to render his award in language which can be clearly understood by strangers to this transaction.

The judgment, therefore, should be modified to delete that part which vacates the award and directs the appointment of a new arbitrator, and to remit the matter to arbitrator McCabe for such further proceedings as he finds necessary to make the required factual determinations and appropriate interpretation of the agreement, and to make a complete and explicit determination of the issue presented herein for arbitration.

GOLDMAN, P. J., DEL VECCHIO, SIMONS and HENRY, JJ., concur.

Judgment unanimously modified and as modified affirmed, without costs, and matter remitted to arbitrator McCabe, all in accordance with opinion by WITMER, J.