■ In the Matter of BELLMORE-MERRICK UNITED SECONDARY TEACHERS, INC., Appellant, v BOARD OF EDUCATION, BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT, Respondent.—In a proceeding to confirm an arbitrator's award, in which respondent cross-moved to vacate paragraph 5 thereof, which provides for damages, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered September 3, 1975, as, upon reargument, adhered to its original determination which modified the award to the extent of vacating paragraph 5. Order modified, on the law, by adding thereto, immediately after the words "is adhered to", the following, "except that paragraph 5 of the arbitrator's award is reinstated and that the entire award is to be construed as being in favor of the five grievants alone, and not as an award to a class." As so modified, order affirmed insofar as appealed from, with costs to petitioner. No fact questions were presented on this appeal. Five of petitioners' members, teachers employed by respondent, filed grievances alleging, in part, an assignment to duty in violation of the collective bargaining agreement

existing between the parties. None of the grievances stated that it was made on behalf of the teachers as a group. The grievances were submitted to arbitration as provided for in the agreement, which states that "any dispute concerning the interpretation or application of this Agreement may be raised as a 'Grievance' by either party". Such language, absent a separable provision that damages may *not* be awarded, "does not limit the authority of the arbitrators to an adjudication of the breach. It is authority to assess the damages against the party in default" *(Matter of Marchant v Mead-Morrison Mfg. Co.,* 252 NY 284, 298–299; accord, *Matter of Utility Laundry Serv. [Sklar],* 300 NY 255; *Matter of Publishers' Assn. of New York City [New York Stereotypers' Union No. One],* 8 NY2d 414). Respondent maintains, however, that the damage award was properly vacated for the reason that the damages were punitive and not compensatory (see *Matter of Publishers' Assn. of New York City [Newspaper & Mail Deliverers' Union of N. Y.],* 280 App Div 500). We disagree. The clear language of the award is in terms of compensation. The arbitrator stated, in his decision, that the damages were compensation for the teacher assignments which were in violation of the agreement, i.e., the breach. His additional language, that the damages would also act as a "deterrent", does not change the essential character of the award and convert it into one for punitive damages. Petitioner may not, however, have paragraph 5 of the award read to inure to the benefit of all teachers who may have been assigned the duty complained of. Only five teachers filed grievances; the notice of intention to arbitrate, using the word "teacher" in the plural, cannot convert the submission into a class action. Hopkins, Martuscello and Shapiro, JJ., concur; Gulotta, P. J., and Latham, J., concur insofar as the modification limits paragraphs 1 through 4 of the arbitrator's award to the five teachers who filed grievances, but otherwise dissent and vote to affirm the order insofar as appealed from.