632

■ In the Matter of JOSEPH PERCACCIOLO, as Chairman of the Board of Supervisors of the County of Putnam, Appellant, v TEMPORARY STATE COMMISSION OF INVESTIGATION, Respondent.—In a proceeding to quash a subpoena, petitioner appeals from an "amended amended order" of the Supreme Court, Putnam County, dated March 17, 1976, which (1) dismissed the petition and (2) directed him to testify before the Temporary State Commission of Investigation. "Amended amended order" affirmed, with $50 costs and disbursements. The stay contained in the order of this court dated March 24, 1976 is hereby vacated. Appellant shall attend, testify and give evidence upon such date as shall be fixed by the respondent upon not less than 10 days' written notice. Special Term correctly decided that petitioner must respond to the subpoena of the respondent commission, as he is not afforded a privilege to avoid said appearance. The claim of legislative privilege, if viable, is premature. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v PORT WASHINGTON TEACHERS ASSOCIATION, Appellant-Respondent.—In a proceeding to vacate an arbitrator's award, (1) the parties cross appeal from an order of the Supreme Court, Nassau County, entered May 23, 1975, which (a) denied a motion to confirm the award, (b) vacated the award and (c) remanded the matter to the arbitrator for a new ruling and (2) the Port Washington Teachers Association appeals from a further order of the same court, dated October 16, 1975, which denied its motion for reargument. Appeal from the order dated October 16, 1975 dismissed, without costs or disbursements. No appeal lies from an order denying reargument (*Matter of Robinson,* 30 AD2d 702). Order entered May 23, 1975, reversed, on the law, without costs or disbursements, application to vacate the arbitrator's award denied, and motion to confirm the said award granted. In our opinion, the arbitrator did not exceed his authority in providing the grievant with remedial relief. We agree with the appellant-respondent that it would be a meaningless exercise for the parties to agree to arbitrate their grievances in order to satisfactorily resolve differences if the power to make a binding ruling did not include the power to fashion a remedy (cf. *Board of Educ., Bellmore-Merrick Cent. High School Dist. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Matter of Bellmore-Merrick United Secondary Teachers v Board of Educ.,* 51 AD2d 762). Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.