■ In the Matter of the Arbitration between BELLMORE-MERRICK UNITED SECONDARY TEACHERS, INC., Respondent, and BOARD OF EDUCATION, BELLMORE-MERRICK CENTRAL HIGH SCHOOL DISTRICT, Appellant.—In a proceeding to confirm an arbitration award, the appeals are (1) as limited by appellant's brief, from so much of an order of the Supreme Court, Nassau County, entered February 25, 1977, as in directing the entry of judgment, permitted the amounts awarded to be computed from September, 1972 rather than March, 1974 and (2) from the judgment of the same court entered thereon on March 8, 1977. Judgment reversed and order reversed insofar as appealed from, on the law, with one bill of $50 costs and disbursements, it is directed that judgment be entered by computing the award from the dates recited in the grievance claims (March 11 to 13, 1974) and proceeding remanded to Special Term for the entry of an appropriate judgment in accordance herewith. The issue in this case is whether the arbitrator's award encompasses damages from September, 1972, when the practice of assigning the five grievants to "informal study hall" began, or whether the award contemplates those damages which were incurred after the dates set forth in the grievance claims. Those claims specifically stated that the grievances arose between March 11 and March 13, 1974. In view of the fact that the collective bargaining agreement explicitly requires that "All grievances must be * * * submitted * * * within fourteen (14) days after the event occurred giving use *[sic]* to the grievance", we construe the award as limited to the period commencing with the dates recited in the grievance claims (March 11–13, 1974). Adoption of the construction advanced by petitioner-respondent would be fundamentally unfair and completely irrational in that there never would have been arbitration in the first place had the grievants claimed that the grievance arose in 1972 (while filing in 1974). Contrary to the position taken by petitioner, appellant does not again seek to vacate or modify the award. The instant issue was not raised by either party on the previous appeal to this court *(Matter of Bellmore-Merrick United Secondary Teachers v Board of Educ.,* 51 AD2d 762). This appeal is simply concerned with clarification of the award; in fact, it is petitioner which initially and affirmatively sought clarification of this allegedly "unambiguous" award by moving for leave to enter judgment. Finally, *Matter of Raisler Corp. (New York City Housing Auth.)* (32 NY2d

274) is inapposite. We are here concerned with clarification and construction of an ambiguous award. We construe the award as though no errors of law were made by the arbitrator. If we were to apply the *Raisler* principle, as requested by petitioner, we would have to necessarily assume that the arbitrator erred in not taking into account the 14-day limitation period provided for in article XXV (subd D, par 1) of the collective bargaining agreement. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.