■ In the Matter of the Arbitration between LELIA HOWARD, Respondent, and HELEN FEUER, Appellant. — In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, Helen Feuer appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 18, 1982, which denied the application for confirmation and remanded the matter to the arbitrator for further consideration. Order modified, on the law, by adding thereto a provision vacating the arbitrator's award of August 19, 1981, as supplemented and modified by a letter dated November 30, 1981. As so modified, order affirmed, without costs or disbursements. The parties are the principals of a corporation. A provision of the parties' agreement of incorporation requires that all disputes arising therefrom be submitted to arbitration. A rift between the parties caused them to consider dissolution of the corporation and the arbitral forum was entered in order to resolve the parties' differences. The petitioner sought dissolution; the appellant opposed dissolution and sought, in the alternative, to protect her rights to the goodwill of the corporation and to minimize her losses should dissolution be ordered by the arbitrator. She also accused petitioner's attorney and accountant of ill will in regard to this matter, though no claim against either was pressed during the arbitral hearing. Following the hearing, the arbitrator issued his award, dated August 19, 1981, in which he, *inter alia,* directed the parties to attempt to purchase the 50% interest in the corporation of the other, the highest bidder to prevail. In the event this procedure resulted in disagreement, the arbitrator directed that the matter should be referred to him. In addition, the arbitrator provided that in the event neither party elected to buy the other out, the corporation should be dissolved. He specifically stated that any claim not expressly resolved by his award was denied. Following discussion between the parties, the appellant offered the petitioner $105,000 for her interest in the corporation. This offer was unequivocally and unconditionally accepted by the petitioner. Thereafter, appellant's counsel wrote to petitioner's attorney and asked which of them should prepare the buy-sell agreement. In response, petitioner's attorney submitted a proposed buy-sell agreement to him which, in addition to including the basic terms already agreed upon, required that the appellant provide the petitioner with (1) a check in the amount of $244,874, plus interest, payable to the petitioner, representing her share of the corporation's retirement plan and trust, (2) a general release from the appellant and the corporation in favor of petitioner's attorney and accountant, and (3) a stipulation of discontinuance of an action commenced by the appellant in Nassau County during the course of this dispute. These three items were raised for the first time by the petitioner in her proposed agreement and were objected to by the appellant. Somehow, there was a submission of this secondary dispute to the arbitrator, though we are not actually informed in what specific manner, by what authority or by whom it was submitted. The parties were subsequently informed by letter of the American Arbitration Association, over the name of one other than the arbitrator, dated November 30, 1981, that the arbitrator had decided that a valid offer and acceptance had been made for the sale and purchase of petitioner's interest in the corporation and the parties were

directed to complete the transaction in accordance with the proposed buy-sell agreement. The arbitrator specifically approved of the requirements therein that the appellant both discontinue the Nassau County action and provide the two general releases required by the proposed agreement. Before Special Term the petitioner sought confirmation of both the original award of the arbitrator dated August 19, 1981 and the subsequent award embodied in the letter of November 30, 1981. The appellant sought confirmation of the August award, but repudiated the letter of November 30 as not being a valid award and as embracing issues not part of the original submission to the arbitrator. Special Term resolved that the three issues newly raised by the proposed buy-sell agreement should be passed upon by the arbitrator, that the matter should be remanded to the arbitrator for further consideration, and that the court was not warranted as a matter of law in resolving the issue of which of the awards should be confirmed or vacated. Special Term, therefore, denied the application to confirm the arbitrator's award. The applicable provision of the CPLR provides that the court reviewing an arbitral award is bound to either confirm, vacate or modify such award, as a matter of law (CPLR 7510). Though we are in agreement with the appellant's contention that the issues of the general releases, the pension fund disbursements and the discontinuance of the Nassau County action were not properly before the arbitrator on the parties' original submission to him, we have before us a rather anomalous situation. We have not been informed how it was that these issues were subsequently submitted to the arbitrator for his consideration. Both parties, by their demands before Special Term to confirm the August 19 award of the arbitrator, in which he retained jurisdiction over the execution of his award's directives, seem to be conferring continuing jurisdiction over this controversy, including these issues, upon the arbitrator, regardless of whether it was or was not a natural concomitant of the original submission to him. Moreover, though the letter of November 30 is not over the arbitrator's name, it was nevertheless issued at his behest by an official of the American Arbitration Association, to which this controversy was submitted for determination. Accordingly, though it may not technically rise to the status of an arbitrator's award, it is not to be tossed aside and ignored either. We think that the confusion which appears upon this record should be resolved by the arbitrator, as the award with which we are ultimately confronted is neither complete nor final, nor does it clearly arise out of the issue submitted to the arbitrator for his consideration. Accordingly, the award, as supplemented and modified by the letter dated November 30, 1981, must be vacated and the matter remanded to the arbitrator for reconsideration (see CPLR 7511, subd [b], par [1], cl [iii]). Upon remand, the arbitrator shall prepare findings which, *inter alia,* clarify the nature and extent of his authority, the specific issues which have been submitted to him for consideration, which of these issues he is determining and the manner in which the dispute between these parties may finally be resolved. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.