■ St. Martin's Housing Corporation, Respondent-Appellant, v Hallian Cleaners, Inc., Appellant-Respondent. — Judgment (denominated an order and judgment) of the Supreme Court, New York County (Seymour Schwartz, J.), entered May 18, 1984, which granted petitioner's motion to renew its application to vacate the award of arbitration dated October 8, 1982 and upon renewal vacated said award and denied respondent's cross motion to confirm the award, is modified, on the law, to grant the cross motion to confirm, reinstate the award and remand the matter to the arbitrator for a determination solely on the issue of square footage involved and the date of the commencement of the lease, and otherwise affirmed, without costs.

Pursuant to clause 61 in the original lease the fair rental value of the demised premises for the five-year renewal term was submitted to an arbitrator.

The arbitrator, in his original decision, decided the fair rental value at a set rate per square foot, without determining the square footage being used by the petitioner, and extended the lease for one year. Petitioner sought clarification of the award so as to include a statement as to the actual square footage upon which rent escalations were to be calculated and to provide that the term of the renewal lease should commence January 1, 1982 and end December 31, 1986. The arbitrator denied the application for clarification and reaffirmed his prior award in its entirety.

Petitioner moved to renew its motion to vacate the award. In granting the motion to vacate, Special Term stated that "[s]ince the arbitrator refused to clarify a decision which was in part outside his jurisdiction and in part ambiguous, the award must be vacated. *Labor Relations Section of Northern N.Y. Builders Exch.* v *Gordon,* 71 Misc.2d 130." We disagree.

The arbitrator's subsequent refusal to clarify his award was likely based on his conclusion that, after he renewed his original award, he was *functus officio* except for the purpose of entertaining an application, made within 20 days, to correct a deficiency of form, a miscalculation of figures or to eliminate a matter not submitted (CPLR 7511 [c]).

To the extent that the award is ambiguous as to the two mentioned areas, a remand is necessary. It has been held that where part of an award which is void is not so connected with the rest as to affect justice of the case, the award is void only *pro tanto.* (*Herbst v Hagenaers,* 137 NY 290, 296.) The arbitrator herein failed to fully execute the powers conferred upon him, as indicated above, and his award does not satisfy the requirements of law and thus should be modified to the extent indicated. (*Matter of Wolff & Munier [Diesel Constr. Co.],* 41 AD2d

618 [1st Dept 1973], *on remand* 44 AD2d 530 [1st Dept 1974], *affd* 36 NY2d 750 [1975]; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7511.10.) Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.