■ In the Matter of MARY A. FALLEK, as President of the Poughkeepsie Public School Teachers Association, Appellant, v CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), entered November 24, 1987, which denied the application and granted the respondent's motion to vacate the arbitration award.

Ordered that the judgment is reversed, on the law, with costs, the application is granted, the motion is denied, and the award is confirmed.

The petitioner instituted this proceeding pursuant to CPLR 7510 to confirm an arbitration award which interpreted the recognition clause of the parties' collective bargaining agreement as requiring the respondent to compensate part-time evening high school teachers at the same rate as full-time teachers. The Supreme Court denied the application and granted the respondent's motion to vacate the award on the ground that the arbitrator exceeded his authority by including part-time evening teachers within the collective bargaining agreement. We disagree and, accordingly, reverse.

By submitting their grievance to arbitration, the parties expressly empowered the arbitrator to fashion a remedy to resolve the controversy, subject of course to the interdictions of public policy as set forth in the Constitution, statutes and decisional law (see, Board of Educ. v Yonkers Fedn. of Teachers, 46 NY2d 727, 729; Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., 45 NY2d 898, 899-900). The award rendered herein was neither "completely irrational" (see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 583) nor contrary to public policy. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.