■ In the Matter of the Arbitration between JOSEPHINE BONGIOVANNI, as President of the United Steelworkers of America, AFL-CIO, CLC, Local Union No. 15071, et al., Respondents, and CITY OF NIAGARA FALLS et al., Appellants.— Order unanimously affirmed without costs. Memorandum: As a result of arbitration between petitioners and the City of Niagara Falls, the arbitrator sustained petitioners' grievance and determined that the City had violated its agreement by contracting out work formerly performed by union members. The arbitrator's award directed the City to cease and desist therefrom, to return all involved union employees to their former work, and to compensate the Operations Foreman "for all determinable pay loss suffered by his displacement by the new Operations Director job incumbent on 'extra' and 'weekend' shifts."

The City failed to comply with the award and failed to pay the Operations Foreman any lost pay. Consequently, petitioners brought this proceeding to confirm the award. Supreme Court granted the petition and referred to the arbitrator

"[t]he dispute over the amount of the compensation, if any, to be paid to the incumbent operations foreman".

The City of Niagara Falls contends that the award was so imperfect and incomplete that it should not have been confirmed and that the court had no power to order a rehearing before the arbitrator. The City's contentions lack merit. The award was final and definite insofar as it sustained the grievance and directed respondent to cease contracting out the work and to compensate the Operations Foreman for pay loss suffered as a result of the performance of his work by the new incumbent. That portion of the award was properly confirmed.

Inasmuch as the award of lost pay was indefinite for its failure to fix the amount, the court properly ordered a rehearing before the arbitrator solely to determine the amount of the lost pay. In a proceeding to confirm an arbitration award, the court "is bound to either confirm, vacate or modify such award, as a matter of law (CPLR 7510)" *(Matter of Howard [Feuer],* 91 AD2d 996, 997). Although the court properly confirmed the award insofar as it directed the return of the involved employees to their former work and determined that petitioner was entitled to an award for lost pay, in effect it vacated the award, in part, because the dollar amount was indefinite. In vacating the award in part, the court was empowered to order a rehearing of "all or any of the issues either before the same arbitrator or before a new arbitrator" (CPLR 7511 [d]). Here, the court properly ordered a rehearing before the same arbitrator on one issue, the dollar amount of the lost pay. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Arbitration.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.