■ In the Matter of LINDENHURST UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v TEACHERS ASSOCIATION OF LINDENHURST, Appellant-Respondent. [628 NYS2d 321] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated November 9, 1992, (1) the Teachers Association of Lindenhurst appeals from so much of a judgment of the Supreme Court, Suffolk County (Berler, J.), dated November 12, 1993, as granted the petition to the extent of vacating the fourth decretal paragraph of the arbitration award and (2) the petitioner cross-appeals from so much of the same judgment as denied the petition to the extent of confirming the first, second, third, and fifth decretal paragraphs of the arbitration award.

Ordered that the judgment is reversed insofar as appealed from, on the law, by deleting the provision thereof which vacated the fourth decretal paragraph of the arbitration award, and the fourth decretal paragraph thereof is confirmed; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the arbitrator to render a determination on the issue of damages resulting from the petitioner's breach of the parties' collective bargaining agreement; and it is further,

Ordered that the Teachers Association of Lindenhurst is awarded one bill of costs.

The petitioner brought this proceeding to vacate an arbitration award which, *inter alia,* interpreted the parties' collective bargaining agreement as requiring the petitioner to compensate nonunion Home Teachers at the same rate as union Home Teachers. The arbitrator remitted the matter to the parties to resolve the issue of damages but retained jurisdiction in the event that the parties could not resolve that issue. The Supreme Court vacated so much of the arbitration award as required the petitioner to pay nonunion Home Teachers at the contractual rate. The Supreme Court found that the arbitrator had exceeded his authority, in effect, by rewriting the collective bargaining agreement's recognition clause to include nonunion teachers.

We find contrary to the Supreme Court, that the arbitrator merely determined the petitioner's obligations pursuant to the collective bargaining agreement. The arbitrator's award was not completely irrational or against public policy, nor did the arbitrator exceed his authority *(see, Matter of Fallek v City School Dist.,* 145 AD2d 482).

We agree with the Supreme Court, however, that the award is not final to the extent that it does not resolve the issue of monetary damages *(see, Matter of Meisels v Uhr,* 79 NY2d 526, 536). We, therefore, confirm the award in its entirety and remit the matter to the arbitrator to hear and decide the issue of damages resulting from the petitioner's violation of the parties' collective bargaining agreement *(see, Matter of Bongiovanni [City of Niagara Falls],* 181 AD2d 1033; *St. Martin's Hous. Corp. v Hallian Cleaners,* 109 AD2d 687). Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.