■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent, v COUNTY OF NASSAU, Appellant. [759 NYS2d 540] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the County of Nassau appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered May 7, 2002, which granted the petition.

Ordered that the order is affirmed, with costs.

The parties' collective bargaining agreement provided that the defendant, County of Nassau, would make "good faith efforts" to avoid using nonunion employees. The arbitrator concluded that the County breached the agreement when it hired outside contractors to perform renovation work at the Old Bethpage Village Restoration Museum. The remedy imposed by the arbitrator was that the County was to pay to the petitioner the same amount for labor costs that it had paid to the independent contractors, and that amount would then be equally divided among the aggrieved employees. The County claims that the award rendered by the arbitrator was not final or definite. We disagree.

Under CPLR 7511 (b) (1) (iii) an award can be vacated when the arbitrator executes his or her power in such an imperfect manner that the award is not "final and definite." An award is not "final and definite" when either "it leaves the parties unable to determine their rights and obligations * * * it does not resolve the controversy submitted, or * * * it creates a new controversy" (*Matter of Snyder-Plax v American Arbitration Assn.,* 196 AD2d 872, 874 [1993]). An award is final and definite if the computation of the award is "so clear and specific that the determination of the amounts owing * * * is merely an accounting calculation" (*Morgan Guar. Trust Co. of N.Y. v Solow,* 114 AD2d 818, 822 [1985], *affd* 68 NY2d 779 [1986] [internal quotation marks omitted]).

Here, the County argues that the arbitration award was so imperfectly executed that a final and definite award was not made. It claims that the award has not resolved the controversy that was submitted to arbitration. The County's contention is

without merit. The controversy submitted by the parties to the arbitrator was whether section 32 of the collective bargaining agreement had been violated, and, if there was a violation, what remedy would be imposed. The award answered these questions. It did not leave matters open for future contention, and thus it was final. All that remained to be done was merely an accounting calculation, i.e., the amount of labor costs paid to outside contractors, which was then to be divided equally among the employees who would have performed the work in question. Thus, the award was final and definite.

The County's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.