■ In the Matter of BOARD OF EDUCATION OF AMITYVILLE UNION FREE SCHOOL DISTRICT, Appellant, v AMITYVILLE TEACHER's ASSOCIATION, Respondent. [880 NYS2d 138]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 20, 2006, the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Mayer, J.), dated October 26, 2007, and (2) an order and judgment (one paper) of the same court entered January 3, 2008, which denied the petition and granted the respondent's cross motion to confirm the award.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof denying that branch of the petition which was to vacate that portion of the award which directed the petitioner to pay sixth grade teachers assigned a sixth teaching period the "negotiated sixth period rate" of pay and granting that branch of the cross motion which was to confirm that portion of the award, and substituting therefor provisions granting that branch of the petition and denying that branch of the cross motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the arbitrator for further proceedings consistent herewith.

"An arbitration award may not be vacated unless it is irrational, violates a strong public policy, or clearly exceeds a limitation imposed on the arbitrator as enumerated in CPLR 7511 (b)" (*Matter of Steinberg v Novitt & Sahr,* 54 AD3d 1043, 1044 [2008]; *see Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]). Pursuant to CPLR 7511 (b), an arbitration award may be vacated if the court finds, inter alia, that the arbitrator "so imperfectly executed [the award] that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; *see Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.,* 24 AD3d 778, 779 [2005]).

An award is subject to vacatur as indefinite or nonfinal "only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy" (*Matter of Meisels v Uhr,* 79

NY2d 526, 536 [1992]; *see Matter of Civil Serv. Empls. Assn. v County of Nassau,* 305 AD2d 498, 498 [2003]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 227 AD2d 563, 564 [1996]). An award is final and definite if the computation of the award is so clear and specific that the determination of the amounts owing is merely an accounting calculation (*see Matter of Civil Serv. Empls. Assn. v County of Nassau,* 305 AD2d at 498; *Matter of Vermilya [Distin],* 157 AD2d 1030, 1031 [1990]; *Morgan Guar. Trust Co. of N.Y. v Solow,* 114 AD2d 818, 818 [1985], *affd* 68 NY2d 779 [1986]).

As the petitioner correctly contends, the arbitrator's award is indefinite and nonfinal to the extent it directs the petitioner to pay sixth grade teachers assigned a sixth teaching period the "negotiated sixth period rate" of pay. That provision does not clearly define the applicable rate of pay under the award, thus creating a new controversy between the parties with respect thereto. Accordingly, that portion of the award should have been vacated and the matter remitted to the arbitrator for a hearing and for a determination solely of that issue (*see Matter of Lindenhurst Union Free School Dist. v Teachers Assn. of Lindenhurst,* 215 AD2d 657; *Matter of Bongiovanni [City of Niagara Falls],* 181 AD2d 1033, 1033 [1992]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Skelos, Dillon and Eng, JJ., concur.