In a proceeding pursuant to CFLR article 75, inter alia, to confirm three arbitration awards dated May 22, 2011, June 3, 2011, and July 28, 2011, determining that Jacques Kelly, Kali Nelson, and Vaughn Palmer, respectively, are entitled to benefits pursuant to General Municipal Law § 207-c, Kevin M. Cheverko, as Commissioner of the Westchester County Department of Corrections, the Westchester County Department of Corrections, and Westchester County appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered March 29, 2012, as granted that branch of the petition which was to confirm so much of the arbitration award dated May 22, 2011, in favor of Jacques Kelly as related to initial injuries sustained by him on February 15, 2011, granted those branches of the petition which were to confirm the arbitration awards dated June 3, 2011, and July 28, 2011, in favor of Kali Nelson and Vaughn Palmer, respectively, and denied their cross petition, among other things, to vacate those awards.
*841 Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to confirm so much of the award dated May 22, 2011, in favor of Jacques Kelly as related to initial injuries sustained by him on February 15, 2011, and the arbitration awards dated June 3, 2011, and July 28, 2011, in favor of Kali Nelson and Vaughn Palmer, respectively, are denied, those branches of the cross petition which were to vacate the award dated May 22, 2011, in favor of Jacques Kelly as related to initial injuries sustained by him on February 15, 2011, and the arbitration awards dated June 3, 2011, and July 28, 2011, in favor of Kali Nelson and Vaughn Palmer, respectively, are granted, and the matter is remitted to the Supreme Court, Westchester County, to remit the matter to the arbitrator for further proceedings consistent herewith.
An arbitration award is indefinite or nonfinal for purposes of CPLR 7511 and subject to vacatur “only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy” (Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]; see Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher’s Assn., 62 AD3d 992, 993 [2009]). Here, Corrections Officers Jacques Kelly, Kali Nelson, and Vaughn Palmer sought benefits pursuant to General Municipal Law § 207-c. General Municipal Law “[s]ection 207-c provides benefits to officers who are disabled ‘in the performance of’ or ‘as a result of their job duties” (Matter of White v County of Cortland, 97 NY2d 336, 339 [2002]). The arbitration awards awarding them benefits pursuant to General Municipal Law § 207-c were indefinite or nonfinal for purposes of CPLR 7511 and must be vacated, since those awards did not address whether each officer sustained a disability. Accordingly, we reverse the order insofar as appealed from, deny those branches of the petition which were to confirm so much of the award of benefits in favor of Jacques Kelly as related to initial injuries sustained by him on February 15, 2011, and the awards of benefits in favor of Kali Nelson and Vaughn Palmer, grant those branches of the cross petition which were to vacate the award of benefits in favor of Jacques Kelly as related to initial injuries sustained by him on February 15, 2011, and the awards of benefits in favor of Kali Nelson and Vaughn Palmer, and remit the matter to the Supreme Court, Westchester County, to remit the matter to the arbitrator for further proceedings and a determination as to whether each officer sustained a disability. Mastro, J.R, Skelos, Balkin and Roman, JJ., concur.