In the Matter of DAVID OLIDORT et al., Respondents, v TAMARA PEWZNER et al., as Executors of JACOB ELBERG et al., Deceased, Appellants. [3 NYS3d 401]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 22, 2011, Tamara Pewzner and Ruben Elberg appeal, as limited by their brief, from so

much of an order of the Supreme Court, Kings County (Baynes, J.), entered July 2, 2013, as granted the petition and denied that branch of their motion which was to compel the petitioners to return to arbitration.

Ordered that the order is modified, on the facts, by deleting the provision thereof awarding the petitioners $200 per day for the period between November 22, 2011, and February 21, 2013, for a total sum of $91,400, plus interest, and substituting therefor a provision awarding the petitioners $200 per day for the period between January 11, 2012, and February 21, 2013, for a total sum of $81,600, plus interest; as so modified, the order is affirmed insofar as appealed from, with costs payable to the petitioners.

"The court shall confirm an award upon application of a party made within one year after its delivery to him [or her], unless the award is vacated or modified upon a ground specified in section 7511" (CPLR 7510). "An arbitration award is indefinite or nonfinal for purposes of CPLR 7511 and subject to vacatur 'only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy' " (*Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841 [2013], quoting *Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *see Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn.*, 62 AD3d 992, 993 [2009]). "An award is final and definite if the computation of the award is so clear and specific that the determination of the amounts owing is merely an accounting calculation" (*Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn.*, 62 AD3d at 994; *see Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498 [2003]).

Here, contrary to the appellants' contention, the Supreme Court properly determined that the November 22, 2011, arbitration award was final and definite within the meaning of CPLR 7511 (b) (1) (iii) (*see Matter of Civil Serv. Empls. Assn. v South Orangetown Cent. School Dist.*, 268 AD2d 522 [2000]; *see also Matter of Meisels v Uhr*, 79 NY2d 526 [1992]; *Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498 [2003]). Additionally, while the appellants are correct that, generally, under New York law, arbitrators lack the authority to award punitive damages (*see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Garrity v Lyle Stuart, Inc.*, 40 NY2d 354 [1976];

*North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 441 [2006]; *but see Mastrobuono v Shearson Lehman Hutton, Inc.*, 514 US 52 [1995]), there is no showing on this record that the rental fees awarded by the arbitration panel constituted punitive, rather than compensatory, damages (*see Royce Rest. Corp. v Misty Automatic Indus.*, 123 AD2d 617 [1986]; *Matter of Bellmore-Merrick United Secondary Teachers v Board of Educ., Bellmore-Merrick Cent. High School Dist.*, 51 AD2d 762, 763 [1976]; *see also Matter of Local 342, Long Is. Pub. Serv. Empls. v Town of Huntington [Dept. of Highways]*, 195 AD2d 467, 468 [1993]). However, the arbitration award expressly provided that these rental fees would begin to accrue after January 10, 2012, rather than on November 22, 2011, the date the award was issued. Accordingly, the order appealed from must be modified to reflect that these rental fees did not begin to accrue until January 11, 2012. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.