■ In the Matter of ANSHIL GOLDBERGER, Appellant-Respondent, v ARON FISCHER, Also Known as AARON FISCHER and Another, et al., Respondents-Appellants. [49 NYS3d 515]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 7, 2014, as granted that branch of the cross motion of Aron Fischer, also known as Aaron Fischer, also known as Alexander Fischer, and Matesyuhi Fischer, also known as Mathew Fischer, also known as Mates Fischer, which was, in effect, to compel the petitioner to return to arbitration and, in effect, denied the petition to confirm the arbitration award without prejudice to renew upon conclusion of the arbitration, and (2) so much of an order of the same court dated April 7, 2015, as, upon reargument, in effect, adhered to the prior determination in the order dated July 7, 2014, granting that branch of the cross motion which was to compel the petitioner to return to arbitration, and Aron Fischer, also known as Aaron Fischer, also known as Alexander Fischer, and Matesyuhi Fischer, also known as Mathew Fischer, also known as Mates Fischer, cross-appeal, as limited by their brief, from (1) so much of the same order dated July 7,

2014, as directed them to file an undertaking in the sum of $710,070.82, and (2) so much the order dated April 7, 2015, as, upon reargument, in effect, adhered to the prior determination in the order dated July 7, 2014, directing them to file an undertaking.

Ordered that the appeal and cross appeal from the order dated July 7, 2014, are dismissed, as that order was superseded by the order dated April 7, 2015, made upon reargument; and it is further,

Ordered that the order dated April 7, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 7, 2015, is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and, upon reargument, the determination in the order dated July 7, 2014, directing Aron Fischer, also known as Aaron Fischer, also known as Alexander Fischer, and Matesyuhi Fischer, also known as Mathew Fischer, also known as Mates Fischer, to file an undertaking in the sum of $710,070.82 is vacated; and it is further,

Ordered that one bill of costs is awarded to Aron Fischer, also known as Aaron Fischer, also known as Alexander Fischer, and Matesyuhi Fischer, also known as Mathew Fischer, also known as Mates Fischer, payable by the petitioner.

An arbitration award is indefinite or nonfinal if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted, or if it creates a new controversy (*see Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841 [2013]). Here, the arbitration award was nonfinal, as it did not resolve the issue of monetary damages (*see Matter of Andrews v County of Rockland*, 120 AD3d 1227, 1228-1229 [2014]; *Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn.*, 62 AD3d 992, 994 [2009]). Accordingly, the Supreme Court properly granted that branch of the cross motion of Aron Fischer, also known as Aaron Fischer, also known as Alexander Fischer, and Matesyuhi Fischer, also known as Mathew Fischer, also known as Mates Fischer (hereinafter together the cross-appellants), which was, in effect, to compel the petitioner to return to the rabbinical court for a determination of the issue of damages and properly, in effect, denied the petition to confirm the arbitration award without prejudice to renew upon conclusion of the arbitration (*cf. Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498 [2003]; *Matter of Lindenhurst Union Free School Dist. v Teachers Assn. of Lindenhurst*, 215 AD2d 657, 658 [1995]).

However, the Supreme Court improvidently exercised its discretion in directing the cross-appellants to post an undertaking. Such relief may only be awarded upon the ground that the arbitration award may be rendered ineffectual without such provisional relief (*see* CPLR 7502 [c]; *see also Matter of Kadish v First Midwest Sec., Inc.*, 115 AD3d 445, 445-446 [2014]; *Matter of Kal Data v AMC Computer Corp.*, 268 AD2d 589, 589 [2000]). Here, there was no showing that the undertaking was necessary to prevent the arbitration award from being rendered ineffectual (*see Matter of Kadish v First Midwest Sec., Inc.*, 115 AD3d at 446; *Founders Ins. Co. Ltd. v Everest Natl. Ins. Co.*, 41 AD3d 350, 351 [2007]). Accordingly, upon reargument, the Supreme Court should not have, in effect, adhered to its prior determination directing the cross-appellants to post an undertaking.

The parties' remaining contentions are without merit. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.