Kotlyar v Khlebopros (2019 NY Slip Op 07243)





Kotlyar v Khlebopros


2019 NY Slip Op 07243


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-07096
2016-08032
 (Index No. 13582/13)

[*1]Zina Kotlyar, etc., et al., plaintiffs-respondents,
v
Aleksandr Khlebopros, defendant third-party plaintiff-appellant, Seagate Mini Mall, Inc., et al., defendants-respondents; Iosif Felsherov, third-party defendant-respondent.


Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for defendant third-party plaintiff-appellant.
Robert Bondar, Brooklyn, NY, for plaintiffs-respondents.
Yoram Nachimovsky, PLLC, New York, NY (Nicholas S. Ratush of counsel), for defendants-respondents.
Treybich Law, P.C., New York, NY (Michael Treybich of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 1, 2016, and (2) a judgment of the same court dated July 6, 2016. The order granted the third-party defendant's motion to confirm an arbitration award and denied the defendant third-party plaintiff's cross motion, in effect, to vacate the award. The judgment, upon the order, confirmed the arbitration award.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the order dated June 1, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The defendants Seagate Mini Mall, Inc., Seagate Banya Corp., and Za Zaborom, Inc. [*2](hereinafter collectively the corporations), own and operate a spa in Coney Island, Brooklyn. The defendant third-party plaintiff (hereinafter the appellant) owns one-third of the shares of the corporations. The two plaintiffs each own one-sixth of the shares of the corporations, and the third-party defendant owns the remaining one-third of the shares.
In July 2013, the plaintiffs, "in the right and on behalf of" the corporations, commenced this action against the appellant and the corporations alleging, inter alia, breach of fiduciary duty. The appellant filed a verified answer with counterclaims seeking, inter alia, the dissolution of the corporations. He also commenced a third-party action against the third-party defendant requesting the same relief. In an order dated August 6, 2014, the Supreme Court granted that branch of the appellant's motion which was to stay all proceedings in the action and to compel arbitration pursuant to the applicable shareholders' agreements.
On December 18, 2015, following a hearing, the arbitrator issued an award, inter alia, finding that the appellant was not entitled to dissolution because the majority shareholders had not engaged in oppressive conduct. The third-party defendant moved to confirm the arbitrator's award, and the appellant cross-moved, in effect, to vacate the award. In an order dated June 1, 2016, the Supreme Court granted the third-party defendant's motion and denied the appellant's cross motion. The court subsequently issued a judgment dated July 6, 2016, confirming the award.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence (see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230; Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326).
Contrary to the appellant's contention, the arbitration award was neither irrational nor violative of public policy (see Matter of Reddy v Schaffer, 123 AD3d 935, 937; Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807, 809). Additionally, the arbitration award was final and definite within the meaning of CPLR 7511(b)(1)(iii) (see Matter of Transport Workers Union of Greater N.Y., Local 100, AFL-CIO v New York City Tr. Auth., 151 AD3d 1067, 1068; Matter of Olidort v Pewzner, 125 AD3d 778, 779). Further, the appellant failed to present evidence of actual bias or the appearance of bias on the part of the arbitrator (see Matter of Heller v Bedford Cent. Sch. Dist., 154 AD3d 754, 755; Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1286).
The appellant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the third-party defendant's motion to confirm the arbitration award, and denying the appellant's cross motion, in effect, to vacate the award.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court