Memorandum. The order of the Appellate Division should be affirmed, with costs.
Neither the arbitration submission nor the order of the Appellate Division preceding the third and last arbitrators’ award plainly required the arbitrators to make a money award. Instead., indirect reference was made to the items of claim. Nevertheless, there was never any doubt that the arbitration had the purpose of determining how much money was due for an outstanding balance in favor of the subcontractor from the owner. The arbitrators made it clear beyond reasonable dispute in the third award what amount was due, namely $181,895.63, after settling the account, and that in such account, whether previously paid or not, the sum of $138,500 for the so-called B orders was chargeable against the owner in favor of the subcontractor. The Appellate Division in its last visitation with this litigation so understood the matter and tried to say so. On no view of the matter were the arbitrators merely to return a "yes” or "no” answer to the claimed payment of the $138,500 prior to the arbitration. That sort of declaratory relief was never embraced by the arbitration submission or any of the Appellate Division orders. The subject of the controversy was always how much did the owner still owe, on balance, to the subcontractor.
Finally, neither side has set forth the elements of the "accounting” established before the arbitrators. That is proper enough since the fact-finding and law determination prpcess by the arbitrators is beyond judicial review or correction (see Matter of Associated Teachers of Huntington v Board of Educ., 33 NY2d 229, 235). What that means in this case is that if the arbitrators were wrong, as appellant owner contends, in applying the $138,500 item or in computing the "account”, the error is beyond correction. The owner may not indirectly accomplish the same impermissible review by urging that the third and last award went beyond the issues resubmitted by the Appellate Division.
The foregoing is based on a reading of the language in the several awards and agrees with the conclusion more briefly *753 stated by the Appellate Division in its memorandum opinion. The dissenter at the Appellate Division was understandably unhappy that no one has ever explained how the $138,500 was included in the "accounting” before the arbitrators, and was incorrectly persuaded, it is suggested, by appellant’s urging that the item could not be charged to the cost of the contractor’s services if it in fact had been earlier paid.
Put still another way, the issue was not whether the $138,-500 item had ever been paid or not, but whether in reconstructing the account between the parties it was to be debited with other costs against which were to be credited the aggregate of payments made. It is plain that the arbitrators treated the issue just that way and concluded that the debit balance due to the subcontractor was $181,895.63. If they made any errors in the accounting, whether of fact or law, they are beyond review, and, of course, there is no record before this court to show whether the arbitrators made any error or were correct.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.