■ JUDITH SILBER, Appellant, v MAX SILBER, Respondent. [611 NYS2d 302] —In a hybrid action for divorce and ancillary relief and a proceeding to confirm arbitration awards pursuant to CPLR 7510, the wife appeals, as limited by her brief, from (1) stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), entered October 21, 1991, which, *inter alia,* (i) confirmed and incorporated the arbitration awards dated October 22, 1990, and May 5, 1991, and (ii) incorporated the parties' stipulation dated May 15, 1991, to confirm the award of May 5, 1991, (2) so much of an order of the same court, dated October 17, 1991, as confirmed an arbitration award dated October 22, 1990, (3) an order of the same court, dated July 19, 1991, which denied her motion to renew and denied her motion to vacate the parties' stipulation dated May 15, 1991, (4) an order of the same court, dated October 30, 1991, which denied her motion to vacate the arbitration awards of October 22, 1990, May 5, 1991, and June 6, 1991, and awarded the husband counsel fees in the amount of $1,000, and (5) so much of an order of the same court, dated January 7, 1992, as directed the wife to vacate the marital residence and denied those branches of her motion which were to vacate the court's order dated October 17, 1991, and annul the deed to the marital residence.

Ordered that the appeals from the orders dated July 19, 1991, and October 17, 1991, are dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from that portion of the judgment which confirmed the arbitration award dated May 5, 1991, upon stipulation by the parties, is dismissed, without costs or disbursements; and it is further,

Ordered that that portion of the judgment which confirmed the arbitration award dated October 22, 1990, and incorporated the parties' stipulation to confirm the award dated May

5, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 30, 1991, is modified, on the law, by deleting the provision thereof denying the branch of the wife's motion which was to vacate the arbitration award dated June 6, 1991, and substituting therefor a provision vacating the award dated June 6, 1991; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 7, 1992, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The appeal from that portion of the judgment which confirmed the arbitration award dated May 5, 1991, upon stipulation by the parties, must also be dismissed because no appeal lies from a judgment entered on consent, except to the extent that it differs from or exceeds the consent (see, Norton & Siegel v Nolan, 276 NY 392; Hatsis v Hatsis, 122 AD2d 111).

The Supreme Court did not err in denying that branch of the wife's motion which was to vacate the parties' stipulation to confirm the arbitration award dated May 5, 1991, or in incorporating the stipulation into the judgment of divorce. A written stipulation placed on the record in open court, while the parties were represented by counsel, will not be set aside absent fraud, collusion, mistake, or accident, since strict enforcement of stipulations serves the interest of efficient dispute resolution (see, Privin v Landolfi, 191 AD2d 485, 486; Gotard v Gotard, 165 AD2d 824, 825). In the present case, the wife failed to set forth sufficient grounds warranting the vacatur of the stipulation.

Moreover, the Supreme Court properly confirmed the arbitration award dated October 22, 1990. It is well settled that an arbitration award can be vacated only upon the grounds set forth in CPLR 7511. Pursuant to CPLR 7511 (b) an award shall be vacated if the rights of the party opposing the award were prejudiced by, inter alia, the arbitrator's partiality or misconduct, the arbitrator exceeding his power, or the arbitrator imperfectly executing the award such that a final award was not made.

In the present case, since the arbitrator's ex-parte communications with the husband's counsel occurred after the arbitrator rendered the award dated October 22, 1990, there is no possibility that the ex-parte communications affected the award. Moreover, since the arbitration agreement provided that the parties were submitting all of their "disputes and differences" regarding the divorce to arbitration, including the issue of maintenance, the arbitrator did not exceed his power by abolishing the court-ordered temporary maintenance *(see, Matter of State of New York [State Univ. Coll.—Buffalo] [United Univ. Professions],* 187 AD2d 822, 823). Contrary to the wife's contention, the award was final insofar as it unequivocally indicated the respective rights and obligations of the parties and did not relegate the parties to future litigation *(see, Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40, 44).

The Supreme Court, however, erred in denying that branch of the wife's motion dated September 25, 1991, which was to vacate the arbitration award dated June 6, 1991. After an arbitrator renders an award, the arbitrator is without power to render a new award or to modify the original award, except as provided in CPLR 7509 *(see, Herbst v Hagenaers,* 137 NY 290; *Matter of Mole [Queen Ins. Co.],* 14 AD2d 1). Thus, any award rendered after the original award is null and void absent an agreement by the parties *(see, Eddy v London Assur. Corp.,* 65 Hun 307; *see also,* 23 Carmody-Wait 2d, NY Prac § 141:134, at 448). In the present case, since there was no arbitration agreement in effect when the arbitrator rendered the award of June 6, 1991, the award is null and void and must be vacated.

The wife's remaining contentions, including her contention that the Supreme Court erred in denying her motion to renew, are either without merit or were waived.

The husband's claims regarding the propriety of the orders of the Supreme Court are not properly before this Court for review, since he did not cross-appeal. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.