■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 100, et al., Appellants. [633 NYS2d 81] —In a proceeding pursuant to CPLR 7511 to vacate so much of an arbitration award dated October 12, 1993, as modified the petitioner's dismissal of an employee to a suspension, the appeal is from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 20, 1994, which granted the petition.

Ordered that the order is affirmed, with costs.

An arbitration award may not be vacated unless it violates a strong and substantial public policy, is irrational, or clearly exceeds a specific limitation on the arbitrator's power *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.], 70 NY2d 907; Matter of Sprinzen [Nomberg], 46 NY2d 623)*. Under the particular circumstances of this case, where the Tripartite Arbitration Board made a specific finding that the conduct of the petitioner's employee presented "a potential danger to fellow employees and the public", its modification of the penalty from dismissal to a suspension violated public policy. Requiring the petitioner to reinstate an employee who has been found to be a threat to public safety is contrary to public policy and to the petitioner's statutory responsibility to operate the transit system for the safety of the public *(see,* Public Authorities Law § 1204 [15]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 182 AD2d 626; *see also, Matter of State Univ. of N. Y. v Young,* 170 AD2d 510). Consequently, the Supreme Court did not err in vacating so much of the award as modified the penalty imposed. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.