■ In the Matter of TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 100, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [652 NYS2d 304] —In a proceeding pursuant to CPLR 7510 to confirm arbitration awards dated July 8, 1993, and January 22, 1994, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), entered August 18, 1995, which confirmed the awards and denied the appellant's cross petition to vacate the award dated January 22, 1994.

Ordered that the order is modified by deleting the provisions thereof which confirmed the award dated January 22, 1994, and denied the cross petition to vacate that award; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

After hearing an employee disciplinary grievance, the Tripartite Arbitration Board of the New York City Transit Authority (hereinafter the Board) issued an award dated July 8, 1993, reinstating the employee to his position with the New York City Transit Authority (hereinafter the TA). On January 22, 1994, the Board issued a supplemental award finding that the employee was entitled to back pay. The petitioner commenced this proceeding to confirm both awards and the TA served a cross petition to vacate the supplemental award. The Supreme Court confirmed the awards and denied the cross petition.

Absent an agreement by the parties, an arbitrator or an arbitration board is without power to modify an original award except as provided in CPLR 7509 (*see, Silber v Silber,* 204 AD2d 527, 529). CPLR 7509 sets forth the procedure for seeking modification and provides that an award may be modified upon the grounds stated in CPLR 7511 (c). In this case, the statutory procedure was not followed, and the modification did not fall

within any of the grounds set forth in CPLR 7511 (c). Therefore, the TA sought to vacate the supplemental award because, *inter alia*, the Board exceeded its power (*see*, CPLR 7511 [b] [1] [iii]) and because the statutory procedure was not followed (*see*, CPLR 7511 [b] [1] [iv]).

The papers submitted with the petition and cross petition raise questions of fact as to whether the TA agreed to resubmit the matter to the Board, acquiesced in the manner in which it was submitted, and had an opportunity to be heard. If the TA agreed to the resubmission, acquiesced in the manner in which it was submitted, and had the opportunity to be heard, then there is no basis for vacating the supplemental award, and it should be confirmed (*see*, *Silber v Silber, supra*). That determination, however, cannot be made on the papers and the Supreme Court should have conducted a hearing to resolve these factual issues.

We find no merit to the appellant's remaining contention. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.