■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v VIGILANT INSURANCE COMPANY, Respondent. [660 NYS2d 58] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 20, 1994, and to permanently stay further arbitration of the matter, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Silverman, J.), dated January 26, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the arbitration award dated July 20, 1994, is confirmed, and further arbitration of the matter is permanently stayed.

Contrary to the conclusion of the Supreme Court, the arbitrators of this insurance subrogation matter did not possess the

implicit authority to vacate the arbitration award dated July 20, 1994, in favor of Aetna Casualty & Surety Company (hereinafter Aetna) and direct further arbitration. Notwithstanding the claims of Vigilant Insurance Company (hereinafter Vigilant), the record does not support a finding that the arbitration award was rendered in error based upon a clerical mistake. Rather, the arbitration award was rendered after a hearing on jurisdictional matters, after which the arbitrators found that Vigilant's claim was time-barred (see, CPLR 7502). After an arbitrator renders an award, the arbitrator is generally without power to render a new award or to modify the original award (see, Silber v Silber, 204 AD2d 527, 529). Vigilant's remedy, if any, was to move to vacate that award pursuant to CPLR 7511 (b) (see, Matter of MVAIC v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224), not to engage in ex parte communications with the arbitrators in an attempt to persuade them to vacate their own award. An arbitrator possesses limited authority to modify an award pursuant to CPLR 7509, but neither the procedural requirements thereof nor those provided by 11 NYCRR 65.10 (d) (4) (ii) were satisfied. In any event, the relief sought by Vigilant, the complete vacatur of the award, is not sanctioned by CPLR 7509. Therefore, the arbitrators were without authority to vacate the arbitration award and to direct further arbitration of Vigilant's claim. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.