■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v TRANSPORT WORKERS UNION OF AMERICA et al., Respondents. [719 NYS2d 264] —In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitration award dated January 22, 1999, as reduced the penalty imposed by the petitioner upon an employee from dismissal to demotion for a period of no more than six months, the petitioner appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 15, 1999, which denied the petition and granted the cross petition to confirm the award.

Ordered that the order is reversed, on the law, with costs, the petition is granted, the cross petition is denied, and so much of the arbitration award as reduced the penalty imposed from dismissal to demotion is vacated.

An employee of the petitioner, New York City Transit Authority (hereinafter the NYCTA), failed to follow the proper procedure in applying the brakes on the subway train he was operating. It is uncontroverted that this failure led directly to an accident and derailment. The NYCTA dismissed the employee, and the employee filed a grievance which was heard by the Tripartite Arbitration Board (hereinafter the Board). The Board denied the grievance but reduced the penalty imposed from dismissal to demotion. The Supreme Court denied the petition brought by the NYCTA to vacate that portion of the award which modified the penalty on the ground, *inter alia,* that to do so was against public policy.

An arbitration award may not be vacated unless it is violative of a strong public policy, is irrational, or clearly exceeds a specific limitation on an arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *Matter of City of Newburgh v Police Benevolent Assn.,* 272 AD2d 326). Here, the employee, who had two prior operational suspensions, operated the subway train in a manner which clearly jeopardized the safety of co-workers as well as the public. The NYCTA has an important statutory duty to operate the transit system for the safety of the public (*see,* Public Authorities Law § 1204 [15]; *Matter of New York City Tr. Auth. v Transport Workers Union,* 243 AD2d 567; *Matter of New York City Tr. Auth. v Transport Workers Union,* 220 AD2d 749).

Requiring the NYCTA to reinstate an employee who has been found to be a threat to public safety is contrary to public policy and to the important statutory duty of the NYCTA to operate the transit system safely (*see, Matter of New York City Tr. Auth. v Transport Workers Union, supra*). Therefore, the Supreme Court erred in denying the petition to vacate so much of the arbitration award as reduced the penalty imposed from dismissal to demotion and granting the cross petition to confirm it. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.