[743 NYS2d 503]

In the Matter of COUNTY OF NASSAU, Respondent, v SHERIFF'S OFFICERS ASSOCIATION, INC., et al., Appellants.

Second Department, May 28, 2002

APPEARANCES OF COUNSEL

*Certilman Balin Adler & Hyman, LLP,* East Meadow (*Wayne J. Schaefer* and *Scott B. Black* of counsel), for appellants.

*Bee, Eisman & Ready, LLP,* Mineola (*Peter A. Bee* of counsel; *Lee Jason Sacket* on the brief), for respondent.

### OPINION OF THE COURT

Per Curiam.

At issue on this appeal is whether the arbitrator's award in this proceeding pursuant to CPLR article 75 was violative of public policy. Because the petitioner County of Nassau failed in the Supreme Court to sustain its burden of demonstrating a strong and well-defined public policy with which the arbitrator's award conflicts, we reverse the order of the Supreme Court, deny the petition, and grant the cross motion to confirm the arbitrator's award.

The appellant Salvatore Gemelli was a correction officer employed by the petitioner County of Nassau (hereinafter the County) at the Nassau County Correctional Facility. He was charged with assaulting a mentally-retarded inmate in 1993. The District Attorney of Nassau County declined to pursue a criminal prosecution against Gemelli. In 1995, the Nassau County Sheriff's Internal Affairs Unit closed its investigation into the matter after administrative review failed to uncover any wrongdoing by Gemelli. The inmate filed a federal civil rights action against Gemelli. On March 1, 1999, the federal jury returned a verdict in favor of the inmate, finding that Gemelli violated the inmate's constitutional rights by using excessive force and committed battery against him. The jury awarded the inmate $65,000 in compensatory damages.

Gemelli was then notified in writing that he was terminated from his employment as a correction officer, effective March 1, 1999. Gemelli filed a grievance shortly thereafter, and the matter was submitted to arbitration pursuant to the parties' collective bargaining agreement. Four issues were presented to the arbitrator, to wit: whether Gemelli's discharge was untimely; if so, what was the remedy?; if timely, was there just cause to discharge Gemelli?; and if not, what was the remedy?

Paragraph 10-7 of the collective bargaining agreement imposed an 18-month limitation upon the disciplining of em-

ployees from the date of the alleged misconduct, "unless said * * * misconduct would, if proved in a court of competent jurisdiction, constitute a crime." Because the disciplinary action taken against Gemelli undisputably occurred more than 18 months after the incident, the County had the burden of persuading the arbitrator that this matter fell within this exception to the 18-month limitation period. The arbitrator reasoned, therefore, that since Gemelli was being accused of beating an inmate without provocation or justification, the allegations of misconduct would, if proved in a court of competent jurisdiction, constitute the crime of assault in the third degree.

The County next had the burden of persuading the arbitrator that Gemelli did in fact engage in the misconduct alleged. The County argued that the doctrine of collateral estoppel precluded Gemelli from relitigating the findings of the civil jury in the federal action. As such, the County claimed that it was justified in discharging Gemelli from his employment as a correction officer. The Sheriff's Officers Association, Inc. (hereinafter the Association), bargaining agent for certain County employees of which Gemelli was a member, argued that there was no identity of issues in the prior action and the present proceeding. It contended that the County's burden of proof in the instant proceeding was higher than the burden of proof in the civil action, and, therefore, collateral estoppel effect could not be given to the jury determination.

The arbitrator agreed with the Association stating that, in order for collateral estoppel to apply, the burden of proof in the prior action must be equal to or more exacting than the burden of proof in the present proceeding. Thus, although the standard of proof normally applied to disciplinary proceedings is a preponderance of the evidence where just cause to discharge an employee is in issue, the County's burden of proof in the instant proceeding was the same as that required in a criminal action, that is, beyond a reasonable doubt. Any lesser burden of proof would permit the County to discharge Gemelli more than 18 months after the misconduct on the same showing as for a discharge within 18 months. This would nullify paragraph 10-7 of the collective bargaining agreement that allows disciplinary action beyond 18 months only for criminal misconduct.

The arbitrator then turned to the evidence submitted by both the County and the Association. He found that the County did not sustain its burden of demonstrating that Gemelli engaged in criminal misconduct toward the inmate, and,

therefore, it did not have just cause to discharge Gemelli at a time more than 18 months after the alleged misconduct. Based upon this finding, the arbitrator directed the County to make Gemelli whole for any wages and benefits he lost as a result of his discharge less any interim earnings for the period March 1, 1999 until his retirement, effective May 27, 1999.

The County commenced this proceeding pursuant to CPLR article 75 to vacate the arbitrator's award as violative of public policy, and the Association cross-moved to confirm the award. The Supreme Court held that the arbitrator's award conflicted with "strong public policy." In so holding, the Supreme Court reasoned that Gemelli was required to protect and care for the inmate, "not assault[ ] * * * him as the jury found in the Federal Trial* * * His conduct was clearly a violation of public policy. He was justly discharged." Thus, the Supreme Court granted the petition, denied the cross motion, and vacated the arbitrator's award. This was error, and we now reverse.

It is well settled that arbitrators are accorded broad discretion in determining matters pursuant to agreement among the parties (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630). The resulting award, therefore, may not be set aside unless, insofar as is relevant here, it is violative of a strong public policy (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909; *Matter of Sprinzen [Nomberg], supra* at 630; *Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 279 AD2d 474, *lv granted* 97 NY2d 604; *Matter of Meehan v Nassau Community Coll.*, 242 AD2d 155, 157; *Matter of Cohoes Police Officers Union, Local 756, Counsel 82, AFSCME AFL-CIO [City of Cohoes]*, 263 AD2d 652, 653-654). The Court of Appeals has repeatedly cautioned that the public policy exception is narrow (*see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372), and courts must exercise restraint in this area (*see Matter of Sprinzen [Nomberg], supra* at 630). "[T]he preservation of the arbitration process and the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of publicpolicy, wishing to decide the dispute on its merits" (*id*. at 630).

Accordingly, a court may vacate an arbitral award where "strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit * * * certain relief from being granted by an arbitrator" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v*

*State of New York,* 94 NY2d 321, 327; *see Matter of Jaidan Indus. v Angeliades, Inc.,* 97 NY2d 659; *Matter of Sprinzen [Nomberg], supra* at 631). The court cannot vacate an arbitration award on public policy grounds when vague or attenuated considerations of a general public interest are at stake (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 327). Courts are to direct the focus of their inquiry to the result, that is, the award itself (*see id.; International Bhd. of Elec. Workers, Local 97 v Niagara Mohawk Power Corp.,* 143 F3d 704, 716 [2d Cir.]). Specifically, the court "must be able to examine [the] arbitration * * * award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg], supra* at 631; *see Matter of New York State Nurses Assn. [Mount Sinai Hosp.],* 275 AD2d 538, 540; *Matter of Troy Police Benevolent & Protective Assn. [City of Troy],* 271 AD2d 926, 928; *Matter of Cohoes Police Officers Union, Local 756, Counsel 82, AFSCME AFL-CIO [City of Cohoes], supra* at 654).

The Supreme Court did not apply these well-established principles in the proceeding at bar when it vacated the arbitrator's award as contrary to a "strong public policy." It is undisputed that the arbitrator had the power to determine whether Gemelli had been discharged for just cause, and the only question before the Supreme Court was whether the arbitrator's determination in favor of Gemelli did violence to an express public policy which would require vacating the award (*see Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 29).

The County failed to identify any applicable "laws and legal precedents" which describe an "explicit" public policy with which the arbitrator's decision conflicts (*see Eastern Associated Coal Corp. v United Mine Workers of Am., Dist. 17,* 531 US 57, 66; *United Paperworkers Intl. Union, AFL-CIO v Misco, Inc.,* 484 US 29, 43; *W.R. Grace & Co. v Local Union 759, Intl. Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.,* 461 US 757, 766). The County relies on Correction Law § 137 (5) as the statutory basis for vacatur of the arbitrator's award on the ground that Gemelli poses a risk to the safety of the prison population. Correction Law § 137 (5) provides, in pertinent part, that "[n]o inmate in the care or custody of the department shall be subjected to degrading treatment, and no officer or other employee of the department shall inflict any blows whatever upon any inmate, unless in self defense, or to suppress a revolt or insurrection."

In order to find that the arbitrator's award violates this provision of the Correction Law, this Court would have to ignore the arbitrator's factual finding that the County failed to sustain its burden of proving beyond a reasonable doubt that Gemelli assaulted the inmate, and substitute its own finding that Gemelli did in fact assault the inmate. The Court of Appeals stated this could not be done in *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York (supra)*. "Judges cannot reject the factual findings of an arbitrator simply because they do not agree with them" (*id.* at 328, citing *United Paperworkers Intl. Union, AFL-CIO v Misco, Inc., supra* at 38). Unfortunately, this is what the Supreme Court seems to have done here.

The Supreme Court stated that Gemelli was required to protect and care for the inmate, "not assault[ ] * * * him as the jury found in the Federal Trial." This statement reveals the error in the Supreme Court's decision. First, the Supreme Court embraced this finding of fact in lieu of the finding made by the arbitrator, in contravention of the holdings in the plethora of cases which sets forth the standard for review of an arbitrator's award. The Supreme Court engaged in "fact finding preliminary to the public policy determination, a course [which the Court of Appeals has] eschewed in matters concerning arbitration" (*Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677, 678; *Matter of Sprinzen [Nomberg], supra* at 631).

Second, as the arbitrator so carefully set forth in his determination, the parties' collective bargaining agreement required that, in order for the disciplinary action to be taken more than 18 months after the alleged misconduct, the County had to prove beyond a reasonable doubt that Gemelli committed an act which, if proved in a court of competent jurisdiction, would constitute a crime. The arbitrator found that the County did not meet its burden. The issue before the Supreme Court was not whether it agreed with this assessment of the evidence; it was limited to reviewing the final result of the arbitration and determining whether there was an explicit conflict between that result and public policy (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 327; *see also United Paperworkers Intl. Union, AFL-CIO v Misco, Inc., supra* at 43; *International Bhd. of Elec. Workers, Local 97 v Niagara Mohawk Power Corp., supra* at 716).

Third, in making this factual finding, i.e, that Gemelli was guilty of committing battery, and relying on it as the underpin-

ning for vacatur of the award, the Supreme Court relieved the County of proving, beyond a reasonable doubt, that Gemelli committed a crime, and, in effect, applied the doctrine of collateral estoppel to this case. In so doing, the Supreme Court permitted to be done what the arbitrator had found could not be done under the parties' collective bargaining agreement. That is, the Supreme Court permitted the County to discharge Gemelli based upon a disciplinary action taken against him more than 18 months after the alleged misconduct.

Moreover, the proceeding at bar is distinguishable from the cases relied upon by the County. In *Matter of New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, Local 100* (220 AD2d 749), this Court affirmed an order of the Supreme Court vacating so much of an arbitrator's award as modified the penalty imposed from dismissal to suspension. The ground for the vacatur was the arbitrator's specific finding that the conduct of the petitioner's employee presented a "potential danger to fellow employees and the public" (*id.*). Thus, this Court held that, to reinstate a public employee who has been found by the arbitrator to be a threat to public safety is contrary to public policy and the petitioner's statutory responsibility to operate the transit system for the safety of the public, as mandated by Public Authorities Law § 1204 (15) (*id.; see also Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 279 AD2d 474, *supra*). In contrast, the arbitrator in the proceeding at bar made a specific finding that the County failed to sustain its burden of proving that Gemelli engaged in criminal misconduct. Accordingly, we have no basis to find, as the County urges, that Gemelli violated Correction Law § 137 (5).

The County contends that it violates public policy to allow a correction officer to assault a mentally retarded inmate under his care and custody without proper consequences. This contention ignores the factual finding by the arbitrator that the County did not prove that Gemelli assaulted the inmate. The County's remaining arguments constitute nothing more than vague considerations of a general public interest which are insufficient to support vacatur of an arbitration award on public policy grounds (*see W.R. Grace & Co. v Local Union 759, Intl. Union of United Rubber, Cork, Linoleum & Plastic Workers, of Am.*, 461 US 757, *supra*).

The Supreme Court's determination undermined the parties' collective bargaining agreement which provides for the resolution of grievances and disciplinary charges by an arbitrator

who must determine whether the County sustained its burden of proving just cause for the disciplinary action. Having bargained to arbitrate whether there was just cause for Gemelli's discharge, and having submitted that issue to the arbitrator, the County is bound by the arbitrator's determination (*see Binghamton Civ. Serv. Forum v City of Binghamton, supra* at 30). A court is not free to disregard the law merely "because the facts or implications of a case might be disturbing, or because an employee's conduct is particularly reprehensible" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 327; *see Binghamton Civ. Serv. Forum v City of Binghamton, supra* at 30). Because the Supreme Court engaged in the very process from which the courts are to abstain, its determination was erroneous. Accordingly, the order is reversed, the petition is denied, and the cross motion to confirm the arbitration award is granted.

SANTUCCI, J.P., SMITH, CRANE and COZIER, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the cross motion to confirm the arbitration award is granted.