In the Matter of MILTON S. HERMAN, Appellant, v JAMES J. CUPERO, Respondent. [784 NYS2d 889]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 23, 2002, and modified August 14, 2002, and, inter alia, to direct a new hearing and determination, the petitioner appeals from (1) a judgment of the Supreme Court, Orange County (Owen, J.), dated October 10, 2002, which, upon an order dated September 10, 2002, denied the petition and confirmed the arbitration award, as modified, and (2), as limited by his brief, from so much of an order of the same court dated December 10, 2002, as, upon reargument, adhered to the original determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted, the arbitration award, as modified, is vacated, the order dated September 10, 2002, is vacated, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order dated December 10, 2002, is dismissed, without costs or disbursements, as academic, in light of our determination of the appeal from the judgment.

Contrary to the respondent's contention, the arbitrator's modification of the original award by the addition of paragraph "2p" constituted an improper substantive modification in excess of his powers (*see Matter of Aetna Cas. & Sur. Co v Vigilant Ins. Co.*, 241 AD2d 451 [1997]; *Silber v Silber*, 204 AD2d 527 [1994]). Additionally, the original award was so imperfectly executed and so failed to fully determine an issue submitted to the arbitrator, i.e., the fee to be awarded to the petitioner, as to defeat the purpose of the submission and warrant vacatur and remittitur (*see* CPLR 7511 [b] [1] [iii]; *see Matter of Zephyr Constr. Co. [Boro Hall Corp.]*, 7 AD2d 915 [1959]; *see also Matter of Morrow [General Acc. Fire & Life Assur. Corp.]*, 20 AD2d 741 [1964]). Accordingly, the arbitration award as modified must be vacated, and the matter must be remitted for a new hearing and determination. Florio, J.P., H. Miller, Goldstein and Rivera, JJ., concur.