In the Matter of OUTBACK STEAKHOUSE, INC., Respondent, v CONTRACTING MANAGEMENT, INC., Appellant. [873 NYS2d 120]—

In a proceeding to confirm an arbitration award dated June 6, 2007, as modified July 16, 2007, Contracting Management, Inc., appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated January 10, 2008, which, inter alia, granted the petition to the extent of confirming the award, as modified, except insofar as it awarded certain reimbursement to Outback Steakhouse, Inc., and, in effect, denied its cross petition to vacate the award, as modified.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the petition to confirm the award, as modified, is denied, the cross petition to vacate the award, as modified, is granted, and the arbitration award, as modified, is vacated.

We agree with Contracting Management, Inc., that the arbitrator exceeded his authority in modifying the original arbitration award by rendering wholly new determinations on matters not addressed in the original award, which went beyond correcting a miscalculation or mistake, correcting an award upon a matter not submitted to him without affecting the merits of the decision, or correcting a matter of form not affecting the merits of the controversy (see CPLR 7509, 7511 [c]). Thus, the award, as modified, must be vacated (see Matter of Herman v Cupero, 12 AD3d 674 [2004]; Cavallaro v Allstate Ins. Co., 124 AD2d 625 [1986]).

Moreover, to the extent the award, as modified, "reaffirmed" provisions of the original award, those provisions also must be vacated on the ground that the arbitrator so imperfectly executed his power in making that award that a final and definite award on the subject matter submitted was not made (see CPLR 7511 [b] [1] [iii]; Matter of Herman v Cupero, 12 AD3d at 675; Matter of Wolff & Munier [Diesel Constr. Co.], 41 AD2d 618 [1973], affd after remand 36 NY2d 750 [1975]). Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.