■ In the Matter of OUTBACK STEAKHOUSE, INC., Respondent, v CONTRACTING MANAGEMENT, INC., Appellant. [908 NYS2d 602]—

In a proceeding pursuant to CPLR article 75 in which Outback Steakhouse, Inc., petitioned to permanently stay arbitration, Contracting Management, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), entered July 6, 2009, which granted the petition and denied its cross motion to compel arbitration.

Ordered that the order and judgment is reversed, on the law and the facts, with costs, the petition is denied, the cross motion to compel arbitration is granted, and the parties are directed to proceed to arbitration before a different arbitrator.

In this Court's decision and order on a prior appeal between these parties, we vacated not only the arbitration award as modified, but also the original award "on the ground that the arbitrator so imperfectly executed his power in making that award that a final and definite award on the subject matter submitted was not made" (*Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc.*, 58 AD3d 855 [2009]).

Contrary to the contention of Outback Steakhouse Inc. (hereinafter Outback Steakhouse), there is no arbitration award extant, and, thus, the Supreme Court erred in granting Outback Steakhouse's petition to stay the arbitration demanded by Contracting Management, Inc. (hereinafter Contracting Management), and in denying Contracting Management's cross motion to compel arbitration. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.