■ In the Matter of NASSAU HEALTH CARE CORPORATION, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. (Proceeding No. 1.) In the Matter of SADERIA BURKE et al., Respondents, v NASSAU HEALTH CARE CORPORATION, Appellant. (Proceeding No. 2.) [920 NYS2d 399]—

In a proceeding pursuant to CPLR article 75 to modify an arbitration award involving Saderia Burke, a member of the Civil Service Employees Association, Inc., dated September 2, 2008, and a related proceeding to confirm the award, the Nassau Health Care Corporation appeals from so much of a judgment of the Supreme Court, Nassau County (Lally, J.), entered November 24, 2009, as denied its petition to modify the arbitration award and granted that branch of the petition of Saderia Burke and the Civil Service Employees Association, Inc., which was to confirm so much of the arbitration award as imposed a penalty of suspension without pay on Saderia Burke.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition by the Nassau Health Care Corporation to modify the arbitration award is granted, and that branch of the petition by Saderia Burke and the Civil Service Employees Association, Inc., which was to confirm so much of the arbitration award as imposed a penalty of suspension without pay of the subject employee is denied, and the penalty of suspension without pay is vacated.

A court may vacate an arbitration award if the award "violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; CPLR 7511 [b] [1]). An arbitrator may properly modify a prior arbitration award only to correct a miscalculation or mistaken description in the prior award, to correct so much of the prior award as was rendered on a matter not submitted to the arbitrator and which can be corrected without affecting the merits of the decision, or to correct a prior award that is "imperfect in a matter of form" (CPLR 7511 [c] [3]; *see* 7509).

Here, in connection with arbitration of a prior grievance filed by the Civil Service Employees Association, Inc. (hereinafter CSEA), the parties agreed, in a "Consent Award" that was "so-ordered" by the arbitrator, that the employment of Saderia Burke, the subject employee, would be terminated if she committed certain disciplinary infractions within an agreed period. The employer, the Nassau Health Care Corporation, subse-

quently served a notice of termination upon Burke after she allegedly committed certain infractions, and the CSEA filed another grievance and demand for arbitration. After a hearing, the arbitrator issued an award in which he found that Burke had committed infractions that would result in termination of her employment in accordance with the Consent Award. However, the arbitrator imposed a penalty of suspension.

The arbitrator exceeded his authority by determining an issue which was not submitted to him, and which had been decided in a prior arbitration award in this matter, that is, the issue of the penalty to be imposed for any disciplinary infraction (*see Matter of Aetna Cas. & Sur. Co. v Bonilla*, 219 AD2d 708, 708-709 [1995]; *see also Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union of Am., Local 100*, 67 AD3d 683, 684 [2009]; *Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc.*, 58 AD3d 855 [2009]). Accordingly, the Supreme Court should have modified so much of the arbitrator's award as imposed a penalty of suspension without pay and reinstated the penalty of termination. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.