■ In the Matter of EDWARD PINKESZ, Also Known as CHAIM YOSEF PINKESZ, Appellant, v JOEL WERTZBERGER, Respondent. [30 NYS3d 832]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated July 22, 2013, Edward Pinkesz, also known as Chaim Yosef Pinkesz, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated August 19, 2014, which denied the petition and granted the motion of Joel Wertzberger to vacate the award.

Ordered that the order is affirmed, with costs.

In April 2011, Edward Pinkesz, also known as Chaim Yosef Pinkesz, and Joel Wertzberger entered into an agreement to arbitrate, before a rabbinical court, a dispute regarding the purchase of life insurance policies. In an arbitration award dated May 5, 2011, the rabbinical court, inter alia, directed Wertzberger to pay Pinkesz the sum of $425,000. In an arbitration award dated July 22, 2013, the rabbinical court, based upon new information, directed Wertzberger to pay Pinkesz the sum of $3,750,000 regarding the same dispute. Thereafter, Pinkesz commenced this proceeding to confirm the arbitration award dated July 22, 2013, and Wertzberger moved to vacate

the award. The Supreme Court denied the petition and granted the motion. We affirm.

"An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *see Matter of Braver v Silberman*, 90 AD3d 654, 656 [2011]; *Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]). After an arbitrator renders an award, he or she is generally without power to render a new award or to modify the original award (*see Matter of Hanover Ins. Co. v American Intl. Underwriters Ins. Co.*, 266 AD2d 545 [1999]; *Matter of Aetna Cas. & Sur. Co. v Vigilant Ins. Co.*, 241 AD2d 451, 452 [1997]; *Matter of Transport Workers Union of Am., AFL-CIO, Local 100 v New York City Tr. Auth.*, 235 AD2d 427, 427-428 [1997]; *Silber v Silber*, 204 AD2d 527, 529 [1994]). Here, because the arbitration award dated May 5, 2011 was final and definite within the meaning of CPLR 7511 (*see Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *Matter of Olidort v Pewzner*, 125 AD3d 778, 779 [2015]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 227 AD2d 563, 564 [1996]; *cf. Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841 [2013]), the rabbinical court exceeded its authority in modifying the original award by rendering the new arbitration award dated July 22, 2013 (*see Matter of New York State Dept. of Corr. Servs. [New York State Corr. Officers & Police Benevolent Assn., Inc.]*, 100 AD3d 1066, 1069 [2012]; *Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc.*, 58 AD3d 855 [2009]; *Matter of Herman v Cupero*, 12 AD3d 674, 675 [2004]). Accordingly, the Supreme Court properly denied the petition to confirm the arbitration award dated July 22, 2013, and granted the motion to vacate that award.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.