■ In the Matter of COUNTY OF NASSAU, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent. [52 NYS3d 880]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 4, 2014, in which the Civil Service Employees Association cross-petitioned to confirm the award, the County of Nassau appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered March 23, 2015, which, in effect, denied the petition and granted the cross petition.

Ordered that the order is affirmed, with costs.

Judicial review of arbitration awards is extremely limited (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *A & L Vil. Mkt., Inc. v 344 Vil., Inc.*, 140 AD3d 804, 805 [2016]; *Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d 731, 732 [2014]). An arbitration award may be vacated if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *Matter of Pinkesz v Wertzberger*, 139 AD3d 1071, 1072 [2016]; *Matter of Slocum v Madariaga*, 123 AD3d 1046 [2014]; *Matter of Braver v Silberman*, 90 AD3d 654, 656 [2011]). In addition, pursuant to CPLR 7511 (b) (1) (i), an arbitration award may be vacated if the court finds that the rights of a party were prejudiced by "corruption, fraud or misconduct in procuring the award." The petitioner must prove by clear and convincing evidence that vacatur is appropriate under one or more of these grounds (*see Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp.*, 144 AD3d 682, 683 [2016]; *Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp.*, 125 AD3d 973, 973-974 [2015]).

Here, the County of Nassau failed to demonstrate by clear and convincing evidence that the arbitration award should be vacated on the ground that it was irrational (*see Matter of Fagan v Village of Harriman*, 140 AD3d 868, 868 [2016]; *Matter of Reddy v Schaffer*, 123 AD3d 935, 937 [2014]). Additionally, the County failed to establish that the arbitrator engaged in misconduct (*see Dedvukaj v Parlato*, 136 AD3d 733, 734 [2016]; *Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.]*, 100 AD3d 878, 879 [2012]) or that the award violated public policy (*see Matter of County of Nassau v Sheriff's Officers Assn.*, 294 AD2d 31 [2002]). Accordingly, the Supreme

Court properly, in effect, denied the petition to vacate the arbitration award, and granted the cross petition to confirm the arbitration award. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.