Matter of County of Nassau v Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. (2023 NY Slip Op 00419)

Matter of County of Nassau v Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc.

2023 NY Slip Op 00419

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-04658
 (Index No. 616857/19)

[*1]In the Matter of County of Nassau, respondent,
v
Nassau County Sheriff's Correction Officers Benevolent Association, Inc., appellant.

Koehler & Isaacs, LLP, New York, NY (Liam L. Castro of counsel), for appellant.
Lamb & Barnosky, LLP, Melville, NY (Matthew J. Mehnert, Richard K. Zuckerman, and Scott Karson of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated October 11, 2019, and to vacate a modification of that award dated November 23, 2019, Nassau County Sheriff's Correction Officers Benevolent Association, Inc., appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated May 14, 2020. The order granted the petition to confirm the arbitration award dated October 11, 2019, and to vacate the modification of that award dated November 23, 2019, and denied the cross-petition to vacate the arbitration award dated October 11, 2019, and to confirm the modification of that award dated November 23, 2019, or alternatively, to remand the matter back to the arbitrator.
ORDERED that the order is affirmed, with costs.
In April 2017, legislation commonly known as Raise the Age was enacted raising the age of criminal responsibility for adolescent offenders to 17 and subsequently 18, and requiring that adolescent offenders be arraigned in a specialized Youth Part by a Family Court judge (see L 2017, ch 59, § 1, Part WWW, codified at CPL art 722). Adolescent offenders further were required to be detained in a specialized facility apart from adult offenders. In October 2018, the Nassau County Sheriff issued an order directing that transport of adolescent offenders would be provided by non-union members. The respondent, Nassau County Sheriff's Correction Officers Benevolent Association, Inc. (hereinafter the Union), filed a grievance against that order, alleging that it violated its collective bargaining agreement calling for the transport of such individuals by its members.
Pursuant to the collective bargaining agreement, the petitioner, County of Nassau, and the Union agreed to arbitrate this dispute concerning the post-arraignment transportation of adolescent offenders. The arbitrator issued an award dated October 11, 2019 (hereinafter the original award), in which he denied the Union's grievance in its entirety, reasoning that the resolution of the dispute hinged on the understanding that Union members had sole authority to transport "inmates," which, in the arbitrator's opinion, did not include adolescent offenders. Thereafter, in response to the Union's request for clarification, the arbitrator issued a "clarification of arbitration award" dated November 23, 2019 (hereinafter the clarified award), in which he granted in part and denied in part the Union's grievance, concluding that Union members had sole authority to transport adolescent [*2]offenders to and from the Criminal Court but not the Family Court.
In December 2019, the County commenced this proceeding pursuant to CPLR article 75 to confirm the original award and to vacate the clarified award. The Union cross-petitioned, inter alia, to confirm the clarified award and to vacate the original award. By order dated May 14, 2020, the Supreme Court granted the County's petition and denied the Union's cross-petition, confirming the original award and vacating the clarified award. The Union appeals.
Although judicial review of arbitration awards is limited (see Matter of CEO Bus. Brokers, Inc. v 1431 Utica Ave. Corp., 187 AD3d 1185, 1185; Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230, 1230), an award will be vacated when the arbitrator making the award "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]; see Matter of Rosenberg v Schwartz, 176 AD3d 1069, 1071; Matter of Andrews v County of Rockland, 120 AD3d 1227, 1228). "An arbitration award will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not dispose of a particular issue raised by the parties or if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (Matter of Rosenberg v Schwartz, 176 AD3d at 1071 [citations and internal quotation marks omitted]; Matter of Andrews v County of Rockland, 120 AD3d at 1228). "'After an arbitrator renders his [or her] award, he [or she] is without power to render a new award or to modify an original award, except as provided in CPLR 7509'" (Matter of Wendt v BondFactor Co., LLC, 169 AD3d 808, 810, quoting Silber v Silber, 204 AD2d 527, 529). Pursuant to CPLR 7509 and 7511(c), an arbitrator may modify an award, inter alia, where "the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted" (id. § 7511[c][2]).
Here, the Supreme Court properly confirmed the original award as it was not indefinite or nonfinal, and it completely disposed of the issue before the arbitrator. The arbitrator denied the grievance in full, resolving the stipulated issue of whether the County violated the collective bargaining agreement (see Union-Endicott Cent. Sch. Dist. v Peters, 123 AD3d 1198, 1201; Matter of Rochester City School Dist. [Rochester Teachers Assn. NYSUT/AFT-AFL/CIO], 38 AD3d 1152, 1153; Matter of Civil Serv. Empls. Assn. v County of Nassau, 305 AD2d 498, 498-499). Contrary to the Union's contentions, the arbitrator was not required to determine whether the Youth Part was a criminal court in order to resolve the stipulated issue. The Supreme Court properly confirmed the original award.
The Supreme Court also properly vacated the clarified award. In the clarified award, the arbitrator, for the first time, addressed the merits of the question of whether the Youth Part was a criminal court and then changed the disposition of the original award based on that new merits analysis. The arbitrator thus rendered a "wholly new determination[ ] on matters not addressed in the original award, which went beyond correcting a miscalculation or mistake, correcting an award upon a matter not submitted to him without affecting the merits of the decision, or correcting a matter of form not affecting the merits of the controversy" (Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc., 58 AD3d 855, 855).
The parties' remaining contentions need not be addressed in light of our determination.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court