Matter of County of Nassau v Nassau County Sheriff's Corr. Officers' Benevolent Assn. (2024 NY Slip Op 00069)

Matter of County of Nassau v Nassau County Sheriff's Corr. Officers' Benevolent Assn.

2024 NY Slip Op 00069

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-06567
 (Index No. 603571/20)

[*1]In the Matter of County of Nassau, appellant,
v
Nassau County Sheriff's Correction Officers' Benevolent Association, respondent.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Felicia R. Shannon of counsel), for appellant.
Isaacs Devasia Castro & Wien LLP, New York, NY (Liam L. Castro of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated December 12, 2019, the petitioner appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered August 13, 2020. The order denied the petition to vacate the arbitration award and granted the cross-petition to confirm the arbitration award.
ORDERED that the order is reversed, on the law, with costs, the petition to vacate the arbitration award is granted, and the cross-petition to confirm the arbitration award is denied.
The respondent, Nassau County Sheriff's Correction Officers' Benevolent Association, Inc. (hereinafter the union), is a labor union representing correction officers of various ranks employed by the petitioner, County of Nassau, and serving the County's Sheriff's Department. The collective bargaining agreement (hereinafter the CBA) between the union and the County, among other things, sets forth procedures for resolving disputes relating to claims by the union's members for benefits pursuant to General Municipal Law § 207-c. In 2018, seven members of the union (hereinafter the claimants) allegedly sustained injuries or suffered illnesses in the course of performing their duties. Each claimant sought medical treatment on the day of his injury or illness-causing occurrence, but sought no further treatment thereafter, and had no out-of-pocket expenses for the treatment received. In addition, each claimant missed no time from work, beyond the time spent seeking medical treatment on the day of his occurrence, and received his regular salary or wages for such time. The claimants submitted claims to the County for benefits under General Municipal Law § 207-c, which were denied on the grounds that each claimant had incurred "[n]o los[t] time" and/or had not suffered a "disab[ility]," and had only received medical "[e]valuation" and/or "[t]reatment."
The union thereafter filed a grievance with the County pursuant to the terms of the CBA, asserting that the County had improperly denied General Municipal Law § 207-c benefits to its members simply because they "did not lose any work time." The union sought relief, inter alia, in the form of a determination "mak[ing] whole all affected [union] members." The parties subsequently proceeded to arbitration, agreeing that the arbitrator would decide the issue of whether [*2]"the County violate[d] the CBA as alleged in the grievance" and, if so, determine the remedy.
By arbitration award dated December 12, 2019, the arbitrator concluded that the County's denial of General Municipal Law § 207-c benefits to the claimants on the ground that "they missed no work time after receiving medical treatment violate[d] . . . the CBA." The arbitrator reasoned, inter alia, that the statute provides two distinct benefits—payment of salary or wages during the period of an officer's disability and payment of medical treatment necessitated by the injury or illness—and concluded that the statute does not require a correction officer to miss time from work in order to establish entitlement to the latter benefit. As a result of the County's purported violation of the CBA, the arbitrator concluded, among other things, that the claimants "shall have their treatment and any work time they missed on the day of the illness or injury designated as [General Municipal Law] § 207-c leave and benefits."
The County thereafter commenced this proceeding pursuant to CPLR article 75 to vacate the arbitration award. The union then cross-petitioned pursuant to CPLR 7510 to confirm the arbitration award. The Supreme Court denied the petition and granted the cross-petition. The County appeals.
"Judicial review of arbitration awards is extremely limited" (Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230, 1230). "Courts are bound by an arbitrator's factual findings, interpretation of the contract[,] and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Kotlyar v Khlebopros, 176 AD3d 793, 795). "An arbitration award may be vacated if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power" (Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d at 1230), as well as in circumstances "when the arbitrator making the award so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (Matter of County of Nassau v Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc., 213 AD3d 661, 662 [internal quotation marks omitted]).
"With respect to the public policy exception, a court may vacate an arbitral award where strong and well-defined policy considerations embodied in constitutional, statutory[,] or common law prohibit a particular matter from being decided or certain relief from being granted by an arbitrator. The focus of inquiry is on the result, the award itself. Thus, a court may vacate an award on public policy grounds where the final result creates an explicit conflict with other laws and their attendant policy concerns" (Matter of Civil Serv. Empls. Assn., A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. v Nassau Healthcare Corp., 188 AD3d 1043, 1045-1046 [citations, emphasis, and internal quotation marks omitted]). "Specifically, the court must be able to examine the arbitration award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (Matter of County of Nassau v Sheriff's Officers Assn., 294 AD2d 31, 35 [alterations and internal quotation marks omitted]). Here, the County contends that the arbitration award violated public policy because it provided General Municipal Law § 207-c benefits to claimants who were purportedly not entitled to such benefits. However, contrary to the County's contention, this alleged error with the arbitrator's award is distinct from the limited, narrow circumstances in which the public policy exception applies (see e.g. Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 8-9).
However, the County correctly contends that the arbitration award was irrational. "An award is irrational only where there is no proof whatever to justify the award" (Matter of Rivera v New York City Tr. Auth., 216 AD3d 644, 645 [internal quotation marks omitted]). Here, the union asserted that the County violated the CBA by improperly denying General Municipal Law § 207-c benefits to the claimants, and the parties agreed that the arbitrator would decide whether this [*3]assertion was correct. "General Municipal Law § 207-c(1) entitles corrections officers to certain enumerated benefits, including the payment of salary or wages and the cost of medical treatment and hospital care, where the officer 'is injured in the performance of his [or her] duties or . . . is taken sick as a result of the performance of his [or her] duties'" (Matter of White v County of Cortland, 97 NY2d 336, 339). By definition, an officer seeking benefits under the statute must demonstrate, among other things, that he or she requires payment of salary or wages, or payment for the cost of medical treatment, whether in the form of reimbursement for funds expended or direct payment to an unpaid provider (see id. at 339). Here, the claimants did not seek payment of salary or wages pursuant to the statute, since they were each paid their regular salary or wages for the time spent visiting a medical provider on the date of the occurrence and missed no time thereafter. The claimants also did not seek payment of, or reimbursement for, the cost of the medical treatment they each received on the day of their respective occurrences, conceding that they did not sustain any out-of-pocket medical expenses. The arbitrator's decision to award the claimants a designation that their injuries or illnesses qualified for statutory benefits was therefore irrational, considering that there was no proof that any such benefits were required (cf. Matter of Rivera v New York City Tr. Auth., 216 AD3d at 645).
The parties' remaining contentions have been rendered academic in light of our determination.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court